IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 14-36014 |
| | ) | |
| DANIEL VOITH and COLLEEN VOITH, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date:  May 12, 2016 |
| | ) | Hearing Time:  10:30 a.m. |
| | ) | Courtroom:       742 |

COVER SHEET FOR FIRST AND FINAL FEE APPLICATION
AND REIMBURSEMENT OF EXPENSES OF
LAW OFFICES OF WILLIAM J. FACTOR, LTD.

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Miriam R. Stein, Chapter 7 Trustee for the estate of DANIEL VOITH and COLLEEN VOITH |
| Period for Which Compensation is Sought: | June 23, 2015 through November 30, 2015 |
| Amount of Fees Sought: | $   2,642.50 |
| Amount of Expense Reimbursement Sought: | $   0.00 |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $  0.00  .

{STEIN/GENERAL/00045979.DOCX/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 14-36014 |
| | ) | |
| DANIEL VOITH and COLLEEN VOITH, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date:   May 12, 2016 |
| | ) | Hearing Time:   10:30 a.m. |
| | ) | Courtroom:       742 |

## NOTICE OF HEARING

**Please take notice** that on **May 12, 2016, at 10:30 A.M.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Carol A. Doyle, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 742 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or any other judge sitting in her place and stead, and shall then and there present the attached **First and Final Fee Application of Law Offices of William J. Factor, Ltd.**, a copy of which is attached hereto and herewith served upon you. You may appear if you so choose.

Dated: April 11, 2016                                   THE LAW OFFICES OF
                                                                        WILLIAM J. FACTOR, LTD.

                                                                        By: /s/ Sara E. Lorber
                                                                              One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
LAW OFFICES OF WILLIAM J. FACTOR, LTD.
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 373-7227
Fax:    (847) 574-8233

{STEIN/GENERAL/00045979.DOCX/}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 14-36014 |
| | ) | |
| DANIEL VOITH and COLLEEN VOITH, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |

**FIRST AND FINAL FEE APPLICATION OF LAW OFFICES OF WILLIAM J. FACTOR, LTD. AS COUNSEL TO MIRIAM R. STEIN, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF DANIEL VOITH AND COLLEEEN VOITH FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

The Law Offices of William J. Factor, Ltd. ("*FactorLaw*"), former counsel for Miriam R. Stein, not individually but as the chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of Daniel and Colleen Voith ("*Daniel*" and "*Colleen*" or, collectively, the "*Debtors*"), hereby submits its first and final fee application (the "*Application*") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling **$2,642.50** for legal services performed by FactorLaw during the period of June 23, 2015, through and including November 30, 2015 (the "*Application Period*"). In support of its Application, FactorLaw states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

4. On October 3, 2014 (the *"Petition Date"*) the Debtors filed a voluntary petition for relief under Chapter 7 of title 11, United States Code, 11 U.S.C. §§ 101, *ff.* (the *"Bankruptcy Code"*), thereby initiating the case.

5. Miriam R. Stein is the duly appointed and qualified trustee for the bankruptcy estate. The Trustee requires the assistance of counsel to represent her in matters concerning the liquidation of assets of the estate, to investigate the financial affairs of the Debtors, to examine and resolve claims filed against assets of the estate, and to prepare and prosecute adversary matters and otherwise represent the Trustee in matters before this Court.

6. The Debtor's Undisclosed Assets and Related Matters

7. During the Trustee's investigation, the Trustee became aware of Daniel's right to an inheritance (the *"**Inheritance**"*) from Mary E. Sharkey.

8. The Inheritance included seven bank accounts valued at a total of $159,014.67 (the *"**Bank Accounts**"*), and an unknown interest in a condominium located at 9550 S. Mason, Unit #6, Oak Lawn, IL (the *"**Condo**"*), which was estimated to have a liquidation value in excess of $50,000.

9. The Trustee believed that with the total value of the claims against the Debtors being approximately $34,000, the assets inherited by Daniel were sufficient to pay the Debtors' creditors in full.

10. On June 26, 2015, this Court entered an order authorizing the Trustee to retain FactorLaw as her counsel to represent her in matters concerning the Inheritance, liquidation of Estate assets, to investigate the financial affairs of the Debtors, to examine and resolve claims filed against assets of the Estate, and to prepare and prosecute adversary matters and otherwise represent the Trustee in matters before the Court.

# FEE APPLICATION

11. To aid the Court in its review of this Application, FactorLaw has divided this Application into two parts: Part I describes the services (the "*Services*") provided by FactorLaw to the Trustee by category of services; and Part II describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

**I. SERVICES PERFORMED**

12. This is FactorLaw's first and final interim application for compensation and reimbursement of fees and expenses incurred by FactorLaw during the Application Period.

13. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the Services rendered by the Firm, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

A. *Summary of Services by professional.*

14. The fees for Services provided by FactorLaw during the Application Period are itemized by professional as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Zane Zielinski | Partner | $350 | 4.9 | $1,715.00 |
| Ariane Holtschlag | Associate | $250 | 2.0 | $500.00 |
| Christopher Williams | Law Clerk | $75 | 5.7 | $427.50 |
| | | Totals: | 12.6 | $2,642.50 |

{STEIN/GENERAL/00045979.DOCX/}

B.  *Itemization of fees by category of Services rendered.*

15. **Professionals.** FactorLaw professionals spent 1.1 hours at a cost of $275.00 providing services to the Trustee relating to the employment and of Trustee's counsel and preparing this Application.

16. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250.00 | 1.1 | $275.00 |
| | | Totals: | 1.1 | $275.00 |

17. **Inheritance Recovery.** FactorLaw spent 11.5 hours at a cost of $2,367.50 investigating and recovering assets of the Estate, including primarily: (a) researching records related to real estate and the Condo; (b) documents from and relating the Inheritance; and (c) using the previously discovered information to draft a motion for a Rule 2004 examination, and another for a the turnover of the proceeds of the Inheritance.

18. A breakdown of the professionals providing Services in this category is as follows.

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Zane Zielinski | Partner | $350 | 4.9 | $1,715.00 |
| Ariane Holtschlag | Associate | $250.00 | .9 | $225.00 |
| Christopher Williams | Law Clerk | $75 | 5.7 | $427.50 |
| | | Totals: | 11.5 | $2,367.50 |

## II.  Calculation of time and fees

19. This is FactorLaw's first and final application for compensation and reimbursement of fees and expenses incurred by FactorLaw during the Application Period.

20. FactorLaw's professionals spent a total of 12.6 hours providing necessary legal services for the Trustee. As a result, FactorLaw requests compensation in the amount of $2,642.50 for actual, necessary legal services performed.

21. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

22. FactorLaw worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement, or the time of one of the attorneys was voluntarily written off.

## III. FACTORLAW'S CONTINUED RETENTION DURING APPLICATION PERIOD APPROPRIATE

23. No agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

24. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

25. Finally, FactorLaw represents that it is and remains a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

26. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

27. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" In re Wildman, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); accord In re UNR Indus., 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); see also City of Burlington v. Dague, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

28. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." Small, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." Moriarty v. Svec, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

29. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

30. The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $209.72. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$2,642.50**;

B. Authorizing the Trustee to pay FactorLaw compensation in the amount of **$2,642.50**; and

    C.    Granting such other relief as the Court deems just and equitable.

Dated: April 11, 2016

**THE LAW OFFICES OF
WILLIAM J. FACTOR, LTD.**

By: */s/ Sara E. Lorber*
    One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 373-7227
Fax:    (847) 574-8233